IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| TELECOMMUNICATION SYSTEMS, INC., <br> 275 West Street <br> Annapolis, MD  21401 <br> County of Residence: Anne Arundel <br><br> Plaintiff, <br><br> v. <br><br> COBRA ELECTRONICS CORPORATION <br> 6500 W. Cortland Street, <br> Chicago, Illinois  60707 <br><br> Defendant. | Civil Action No. 1:13-cv-02174 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TeleCommunication Systems, Inc. ("TCS"), for its Complaint against Defendant Cobra Electronics Corporation ("Cobra"), alleges as follows:

## THE PARTIES

1. Plaintiff TCS is a Maryland corporation with a principal place of business at 275 West Street, Suite 400, Annapolis, Maryland 21401. TCS conducts business in the judicial district of the Southern District of Maryland.

2. TCS is a publicly traded company (NASDAQ:TSYS), and a leading provider of mission-critical wireless data solutions to carriers, enterprise and government customers (including those residing in this judicial district).  TCS' wireless data offerings include location-based Enhanced 9-1-1 services and messaging and location service infrastructure for wireless

operators, real-time market data and alerts for financial institutions, mobile asset management and mobile office solutions for enterprises, and encrypted satellite communications for government customers.  TCS is heavily dependent on research and development, and the patenting of its innovations, for its success and continued growth.  To date, TCS has been granted over three hundred (300) U.S. patents.

      3.   Defendant Cobra is a Delaware corporation doing business at 6500 W. Cortland Street, Chicago, Illinois 60707.

      4.   Defendant Cobra sells, offers to sell, and/or imports radar detectors, including the Cobra iRadar which comes with an application downloadable to the user's smart phone.  According to company literature, the iRadar radar detector communicates with the smart phone via Bluetooth connection, and allows the user to share radar alerts with other users.  Other radar detectors that are capable of similar communication include the iRadar 200, iRadar 900, iRadar 150, and the iRadar S120 all of which share alerts with the iRadar community.

## JURISDICTION AND VENUE

      5.  This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, et seq., and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

      6.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

      7.   This Court has personal jurisdiction over Defendant, as upon information and belief, Defendant carries on continuous, systematic, and ongoing business in this judicial district, and Defendant has committed, induced and/or contributed to acts of patent infringement in this district and whose effects are felt in this district and give rise to this action.

## THE '236 PATENT

8. TCS holds all right, title, and interest in and to United States Patent No. 7,471,236 ("the '236 patent"), entitled "Cellular Augmented Radar/Laser Detector," issued to Lance Douglas Pitt, Sarah Jean Lawrence, and Daniel D. DeLapp on December 30, 2008. A copy of the '236 patent is attached hereto as Exhibit 1.

9. The '236 patent covers methods, systems, and devices, that facilitate communication of radar detection information through a cellular or other network.

10. Defendant's products, particularly the Cobra iRadar product, iRadar 150, iRadar 200, iRadar 900, and iRadar S120 alone or in combination with Cobra software and other hardware, and/or subscription services, infringe one or more claims of the '236 patent.

## COUNT I

### (Patent Infringement of the '236 Patent)

11. TCS repeats, realleges, and incorporates by reference the allegations in paragraphs 1-10 as if fully set forth herein.

12. Defendant Cobra has infringed, directly or indirectly, one or more claims of the '236 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of products, services, methods, and technology that communicates radar detection information to users, through iRadar, iRadar 150, iRadar 200, iRadar 900, and iRadar S120 radar detectors and related software and/or subscription service.

13. Defendant Cobra has also knowingly and intentionally induced others to infringe (such as its customers, users and business partners in this judicial district and throughout the United States) by willfully and intentionally aiding, assisting and encouraging their infringement.

Defendant has also knowingly contributed to infringement by others such as customers, within the meaning of 35 U.S.C. § 271 (c).

14. Defendant's infringement has injured TCS and TCS is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty. Such damage might also include lost profits and price erosion damages based on injury to TCS's efforts to commercialize its own products covered under the '236 patent.

15. Defendant Cobra has committed acts of infringement with full knowledge of the '236 patent and its applicability to their business and products and on information and belief, without having taken adequate and necessary steps to avoid infringement.  For example, Defendant Cobra was provided with actual notice of the '236 patent, along with a copy of the patent, and was offered an opportunity to purchase rights in and to the '236 patent but declined, and instead choosing to infringe in an objectively reckless manner, with complete disregard of TCS's rights in the '236 patent, in violation of 35 U.S.C. § 284.

16. Defendant Cobra's infringement has injured and will continue to injure TCS, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of infringing products and services that fall within the scope of any of the claims of the '236 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, TCS prays for the following relief:

a. a judgment declaring that Defendant Cobra infringes the '236 patent;

b. that this Court enter a judgment that Defendant Cobra knowingly and willfully engaged in such infringement;

      c.      that this Court permanently enjoin Defendant Cobra and its officers, directors agents, servants, affiliates, divisions, branches, subsidiaries, parents, licensees, successors, and assigns, and all persons acting in concert or privity with any of them, from infringement of the '236 patent;

      d.      an award of damages, costs, expenses, pre-judgment interest, and post-judgment interest;

      e.      an award of enhanced damages pursuant to 35 U.S.C. § 284 due to the willful nature of Defendant's infringement of the '236 patent;

      f.      an order accounting for damages incurred by TCS

      g.      an order declaring that this action is an exceptional case within the meaning of 35 U.S.C. § 285, and an award of reasonable attorneys' fees; and

      h.      such other relief to which it may be entitled in law or equity and which this Court deems to be just or proper.

**JURY DEMAND**

TCS hereby demands a trial by jury.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 26, 2013 | /s/ Edward A. Pennington |
|  | Edward A. Pennington, MD Bar No.29080 |

Siddhesh V. Pandit
(*pro hac vice* motion to be filed)

SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson Street, N.W.,
Suite 400
Washington, D.C. 20007
Tel: (202) 263-4300
Fax: (202) 263-4329
epennington@sgrlaw.com
spandit@sgrlaw.com

*Attorneys for Plaintiff*
*TELECOMMUNICATION SYSTEMS, INC.*